# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

IN RE: DEA SUBPOENA NUMBER
CE-24-152933

No.
**FILED UNDER SEAL**

### APPLICATION FOR ORDER COMMANDING TEXTNOW INC
### NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA AND
### REQUEST TO SEAL

The United States requests that the Court order TextNow, Inc., not to notify any person (including the subscribers and customers of the account listed in the above-referenced subpoena) of the existence of the subpoena for approximately 180 days, until September 2, 2024.

TextNow, Inc. ("TextNow") is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). TextNow offers nationwide mobile phone service via an application that customers can download and utilize. Pursuant to 18 U.S.C. §§ 3486 and 2703(c)(2), as part of an investigation into potential violations of federal controlled substance-related violates, to include 21 U.S.C. § 846, the Drug Enforcement Administration ("DEA") issued the attached administrative subpoena, subpoena number CE-24-152933, which requires TextNow to disclose certain records and information to the DEA.  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to the targets of the

investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior, or flee prosecution.  *See* 18 U.S.C. § 2705(b)(2), (3), (5).  Evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the targets could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage. This investigation will likely last for a considerable period of time, as agents are investigating a multi-state drug conspiracy, involving a number of possible conspirators and locations.

   For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing TextNow not to disclose the existence or content of the subpoena until September 2, 2024, except that TextNow may disclose the subpoena to an attorney for TextNow for the purpose of receiving legal advice.

   The United States further requests that the Court order that this application and any resulting order be sealed until September 2, 2024.  As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the targets to the ongoing investigation.  Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: March 5, 2024                         DARCIE N. MCELWEE
                                             UNITED STATES ATTORNEY


                                             */s/ Ethan Plaut*
                                             Ethan Plaut
                                             Assistant United States Attorney